Argued March 20, affirmed in part; reversed in part May 8, 1978

STATE OF OREGON, *Respondent,*
*v.*
CHRISTOPHER WALLACE SWANSON, *Appellant.*
(No. DC 22,145, CA 9611)
578 P2d 411

Leeroy O. Ehlers, Pendleton, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant was convicted of driving under the influence of intoxicants and third degree escape. He contends—correctly, we hold—that there is insufficient evidence to support the escape conviction.

At the scene of a traffic stop, defendant was doing poorly on some field sobriety tests. The officer on the scene said something to the effect of "You are drunk." Defendant turned and ran away.

■ There are several relevant statutes. ORS 162.145 to 162.165 define the various degrees of escape; being in custody is an element of all degrees. The dispute here is whether there is any evidence defendant was in custody. " 'Custody' means the imposition of actual or constructive restraint by a peace officer pursuant to an arrest * * *." ORS 162.135(3). " 'Arrest' means to place a person under actual or constructive restraint or to take a person into custody * * *." ORS 133.005(1). The separate crime of resisting arrest is defined by ORS 162.315:

"(1) A person commits the crime of resisting arrest if he intentionally resists a person known by him to be a peace officer in making an arrest.

"(2) 'Resists,' as used in this section, means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person.

"* * * * *."

*See also,* ORS 487.555.[1]

■ There is a circularity in defining "arrest" by using the term "custody," and in defining "custody" by using the term "arrest." The legislative history adds little

[1]ORS 487.555(1) provides:

"A driver of a motor vehicle commits the crime of fleeing or attempting to elude a police officer if, when given visual or audible signal to bring the vehicle to a stop, he knowingly flees or attempts to elude a pursuing police officer."

The statute is not here relevant because defendant's flight was by foot, not by vehicle.

clarification. The history of the resisting-arrest provision, for example, includes: " 'Neither flight from arrest nor passive resistance should be made crimes in themselves.' " Proposed Oregon Criminal Code 204, § 206, Commentary (1970). But this seems contrary to the escape statutes which, under the definition of custody quoted above, do make "flight from arrest" a crime. So we can only assume that the intended meaning of the commentary is that nonviolent flight from an *attempted* arrest is not criminal.

■ We do not regard the officer's statement, "You are drunk," to be appropriate words of arrest manifesting the purpose of apprehending defendant. Defendant's motion for judgment of acquittal on the escape charge should have been granted.

Affirmed in part; reversed in part.