Argued and submitted September 30, reversed November 30, 1988

STATE OF OREGON,
*Respondent,*

*v.*

JULIE ANN GLEASON,
*Appellant.*

(88-20157; CA A48145)

764 P2d 964

Glen N. Solomon, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant, convicted of third degree escape, assigns as error the denial of her motion for a judgment of acquittal, contending that there is insufficient evidence to support her conviction. We agree and reverse.

Defendant was approached in a bar by a police officer, who told her that he had a warrant for her arrest and wanted to talk with her about it outside. She fled and was later apprehended. Defendant argues that she was never in custody and therefore could not be guilty of third degree escape. The state contends that defendant was in "constructive restraint" and thus was in custody for purposes of the escape statutes.

ORS 162.145 defines escape in the third degree, in relevant part, as follows:

"(1)   A person commits the crime of escape in the third degree if the person escapes from custody."

ORS 162.135(3) defines custody, in relevant part, as follows:

"(3)   'Custody' means the imposition of actual or constructive restraint by a peace officer pursuant to an arrest or court order * * *."

In *State v. Swanson,* 34 Or App 59, 578 P2d 411 (1978), we determined that "nonviolent flight from an *attempted* arrest is not criminal." (Emphasis in original.) We also indicated that for custody to occur without actual restraint, a police officer must state "words of arrest manifesting the purpose of apprehending [a] defendant." We hold that an officer's statement that he wishes to talk outside with a defendant about a warrant is insufficient to constitute constructive restraint, and that defendant therefore cannot be guilty of third degree escape, because her flight was "nonviolent flight from an attempted arrest." Her motion for a judgment of acquittal should have been granted.

Reversed.