Argued and submitted August 24, affirmed November 21, 1990, reconsideration denied
January 16, petition for review denied February 19, 1991 (311 Or 166)

# STATE OF OREGON,
## *Respondent,*

*v.*

# LEE JEROME BOLDEN,
## *Appellant.*

## (DA 390926; CA A62092)

801 P2d 863

Louis Miles, Portland, argued the cause for appellant. On the brief were Sally L. Avera, Public Defender, and Glenn N. Solomon, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for resisting arrest,[1] *former* ORS 162.315, contending that the trial court erred in denying his motion for judgment of acquittal. The single issue presented is whether "resisting arrest" may include resistance that occurs while an officer is bringing a defendant in for booking, or whether an arrest is such a discrete event that the resistance must occur at the precise moment one is placed "under arrest." We conclude that the statute may encompass both kinds of resistance, and we affirm.

Responding to a report of a disturbance, Portland police officer Whisler went to the Silverado nightclub and found defendant on the sidewalk, pinned down by several club employees. Defendant had been forcibly ejected from the club for having assaulted a patron and an employee and for having returned to the club after an earlier request that he stay off the premises. Whisler placed him under arrest for criminal trespass, handcuffed him and took him to the patrol car to transport him to the Justice Center for booking. During the drive, defendant rolled to the floor and screamed obscenities at Whisler.

In the custody parking area of the Justice Center, defendant began struggling when Whisler took him out of the car. He resisted moving along with her, pushed, yelled, broke away from her grasp and tried to run away. Whisler regained control of him and attempted to push the entry button on the station door. As she did, defendant kneed her in the abdomen. She was wearing a bullet-proof vest with a shock plate. When she again reached for the door, defendant kneed her a second time. Another officer arrived at the scene, and defendant kicked him in the groin. Three officers managed to get defendant to the booking area, but he continued to resist. During booking, he struggled with such force that the process was suspended, and he was placed in a holding cell. There, he kicked the door, requiring that his feet be cuffed to prevent damage to himself and jailhouse property.

Defendant argues that he was placed under arrest

---

[1] Defendant does not appeal his convictions for criminal trespass II and assaulting a public safety officer.

before the struggle ensued, and so the point at which he could have resisted the arrest had ended. On that ground, he contends that there was insufficient evidence to convict him of the offense.

■■ At the time of defendant's arrest, *former* ORS 162.315[2] provided, in part:

"(1) A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer in making an arrest.

"(2) 'Resists,' as used in this section, means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person."

There is no dispute that defendant's actions constituted resistance. Defendant contends only that Whisler was not "making an arrest" when he resisted her.

Although the resisting arrest statute does not define the term "arrest," the definition provided by ORS chapter 133 is applicable. Commentary, *Oregon Criminal Code of 1971* 105, § 206. ORS 133.005(1) defines arrest as "plac[ing] a person under actual or constructive restraint or [taking] a person into custody for the purpose of charging that person with an offense." Thus, an arrest is not necessarily an instantaneous event. Here, Whisler was clearly engaged in the act of taking defendant into custody[3] in order to charge him with an offense, and the standard arrest procedures had not been completed.

The state is correct that the prohibition against resisting arrest is applicable to "the entire course of events during which an officer effectuates and maintains custody over an arrestee for purposes of charging the individual with

---

[2] Defendant incorrectly relies on the current version of ORS 162.315(2) (1989), which defines "resisting arrest" as including "behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer." The 1989 version of the resisting arrest statute was not yet in effect at the time of defendant's arrest.

[3] The terms "custody" and "arrest" are often used inter-changeably, which led us to comment on the "circularity" of the statutory definitions in *State v. Swanson,* 34 Or App 59, 61, 578 P2d 411 (1978). ORS 133.005(1) defines arrest as, among other things, the act of taking a person "into custody." ORS 162.135(3) defines custody as "restraint by a peace officer pursuant to an arrest."

an offense." The facts plainly demonstrate that defendant was resisting his state of arrest, and that the arrest was still in progress at the time of the resistance. We conclude that there was sufficient evidence to support the conviction.

Affirmed.