JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Jerry Ellsworth ("Ellsworth"), appeals his conviction for resisting arrest pursuant to Cleveland Codified Ordinance 615.08. Finding no merit to the appeal, we affirm.
 {¶ 2} In the early morning of February 1, 2003, Ellsworth was a passenger in a vehicle driven by his brother-in-law, Anthony Weiss. They were traveling from Peabody's Pub where they had consumed alcoholic beverages. Officer Erwin Eberhardt stopped Weiss's vehicle due to its reckless operation. He ran a warrant check and discovered that Ellsworth had an outstanding warrant for contempt of court. Eberhardt testified that Ellsworth was cooperative when he placed him under arrest for the outstanding warrant.
 {¶ 3} Eberhardt took Ellsworth and Weiss to the police station and placed them in a holding cell. Ellsworth did not resist going into the holding cell, but during booking, Ellsworth became uncooperative, refusing to remove his personal property. When Ellsworth refused to take off his shoes, Eberhardt forcefully removed Ellsworth's shoes.
 {¶ 4} Eberhardt testified that while he was counting Ellsworth's money, Ellsworth repeatedly requested that he be allowed to count his own money. Eberhardt denied his request. Ellsworth then reached for his money and Institutional Guard McGuire ("McGuire") grabbed Ellsworth's wrist. Ellsworth then reached toward McGuire. At that time Eberhardt and McGuire wrestled Ellsworth to the floor and handcuffed him. It was during this altercation that Ellsworth received a bloody nose. Eberhardt testified that Ellsworth had blood in his mouth and attempted to spit at the officers. After booking was completed, Ellsworth was taken to the hospital.
 {¶ 5} Ellsworth was charged with resisting arrest. The trial court found him guilty and sentenced him to 60 days of incarceration, suspended the days, and ordered that 60 hours of community service and one year probation be completed. Ellsworth appeals his conviction, raising two assignments of error.
 Sufficiency of the Evidence {¶ 6} In his first assignment of error, Ellsworth claims that the evidence adduced at trial could not sustain a conviction for resisting arrest because the City failed to introduce sufficient evidence to prove a lawful arrest beyond reasonable doubt. Specifically, he argues that the arrest was unlawful pursuant to Crim.R. 4(D)(3).
 {¶ 7} The City maintains that this issue is not properly before the court because Ellsworth failed to make a Crim.R. 29 motion for acquittal during the trial. Failing to move for a judgment of acquittal pursuant to Crim.R. 29(A), Ellsworth waived all but plain error regarding the sufficiency of the evidence. See Crim.R. 29(A); State v. Roe (1989), 41 Ohio St.3d 18, 25,535 N.E.2d 1351; State v. Moreland (1990), 50 Ohio St.3d 58,62, 552 N.E.2d 894.
 {¶ 8} Moreover, the lawfulness of the arrest was never disputed at trial. Ellsworth's sole argument at trial was that he did not resist arrest. Failure to raise an issue at trial acts as a waiver of the issue on appeal except for plain error. State v.Smith, 80 Ohio St.3d 89, 107, 1997-Ohio-355.
 {¶ 9} Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The standard for noticing plain error is set forth in State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240:
{¶ 10} "By its very terms, the rule places three limitationson a reviewing court's decision to correct an error despite theabsence of a timely objection at trial. First, there must be anerror, i.e., a deviation from a legal rule. * * * Second, theerror must be plain. To be `plain' within the meaning of Crim.R.52(B), an error must be an `obvious' defect in the trialproceedings. * * * Third, the error must have affected`substantial rights.' We have interpreted this aspect of therule to mean that the trial court's error must have affected theoutcome of the trial." (Citations omitted.)
 {¶ 11} An error that satisfies these three limitations may be corrected by the appellate court. However, notice of plain error should be done "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, 97,372 N.E.2d 804.
 {¶ 12} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus:
{¶ 13} "Pursuant to Criminal Rule 29(A), a court shall notorder an entry of judgment of acquittal if the evidence is suchthat reasonable minds can reach different conclusions as towhether each material element of a crime has been proved beyond areasonable doubt."
 {¶ 14} See, also, State v. Apanovitch (1987),33 Ohio St.3d 19, 23, 514 N.E.2d 394; State v. Davis (1988),49 Ohio App.3d 109, 113, 550 N.E.2d 966. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, in which the Ohio Supreme Court held:
{¶ 15} "An appellate court's function when reviewing thesufficiency of the evidence to support a criminal conviction isto examine the evidence submitted at trial to determine whethersuch evidence, if believed, would convince the average mind ofthe defendant's guilt beyond a reasonable doubt. The relevantinquiry is whether, after viewing the evidence in a light mostfavorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond areasonable doubt." (Citations omitted.)
 {¶ 16} Here, it is uncontroverted that Eberhardt advised Ellsworth at the time of the arrest that a warrant had been issued. Even though Ellsworth testified that he did not recall having an outstanding warrant, he did not inquire further about the warrant.
 {¶ 17} Additionally, the prosecutor supplemented the record before us with documentation from the trial court regarding Case No. 2000 TRD 001070 ("the 2000 case"), in which the warrant was issued. The warrant resulted from Ellsworth's failure to pay his fine and court costs in that case pursuant to a "time to pay" agreement. The supplemental documentation indicates that on February 3, 2003, both the instant case and the 2000 case were before the trial court when Ellsworth appeared in court following his arrest.[1] It is disingenuous for him to now argue that he did not know why a warrant was issued.
 {¶ 18} Therefore, we do not find any plain error which would justify reversal of the judgment based upon sufficiency of the evidence. Accordingly, Ellsworth's first assignment of error is overruled.
 Manifest Weight of the Evidence {¶ 19} In his second assignment of error, Ellsworth claims that the manifest weight of the evidence adduced at trial fails to support the finding that he did, either recklessly or by force, resist or interfere with his arrest.
 {¶ 20} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. As the Ohio Supreme Court declared:
{¶ 21} "Weight of the evidence concerns `the inclination ofthe greater amount of credible evidence offered in a trial, tosupport one side of the issue rather than the other. It indicatesclearly to the jury that the party having the burden of proofwill be entitled to their verdict, if, on weighing the evidencein their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on itseffect in inducing belief.' * * *
 {¶ 22} The court, reviewing the entire record, weighs theevidence and all reasonable inferences, considers the credibilityof witnesses and determines whether in resolving conflicts in theevidence, the jury clearly lost its way and created such amanifest miscarriage of justice that the conviction must bereversed and a new trial ordered. The discretionary power togrant a new trial should be exercised only in the exceptionalcase in which the evidence weighs heavily against theconviction." Id. at 387.
 {¶ 23} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Additionally, circumstantial evidence and direct evidence inherently possess the same probative value and, therefore, should be subjected to the same standard. State v. Jenks,
supra.
 {¶ 24} Ellsworth contends that his arrest was concluded prior to the booking process and, thus, he could not be charged with resisting arrest for his conduct during the booking process. We disagree. A person may be convicted of resisting arrest for conduct or interference during the booking process. State v.Applegate, 68 Ohio St.3d 348, 1994-Ohio-356, 626 N.E.2d 942
(refusing to remain seated at police headquarters); State v.Davis (2001), 145 Ohio App.3d 296, 299, 792 N.E.2d 1027; (shoving an officer during the booking process); State v. Bay
(1998), 130 Ohio App.3d 772, 774, 721 N.E.2d 421 (intentionally falling down to avoid fingerprinting).
 {¶ 25} In the instant case, Ellsworth was uncooperative with officers when instructed to remove his shoes and his personal property during the booking process. Eberhardt testified that he repeatedly asked Ellsworth to remove his shoes and after Ellsworth refused, force was used to remove them. Ellsworth also attempted to grab his money when Eberhardt was counting it for inventory purposes. While McGuire tried to detain him, Ellsworth reached for him and they wrestled to the floor. Eberhardt then testified that during this struggle Ellsworth received a bloody nose and attempted to spit at the officers.
 {¶ 26} Upon our review of the evidence, we cannot say that the trial court lost its way in finding that Ellsworth resisted arrest. Accordingly, his second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Rocco, J. concur.
[1] The documentation reveals, and Ellsworth admitted during oral argument, that he received credit for the days he served in jail in February 2003 in satisfaction of the fine and costs.