JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following the denial of his motion to suppress, defendant-appellant, Curtis L. Keys, entered a no-contest plea to one count of possession of cocaine pursuant to R.C. 2925.11(A) and one count of trafficking in cocaine pursuant to R.C. 2925.03(A)(2). The trial court found him guilty and sentenced him. This appeal followed.
In his sole assignment of error, Keys contends that the trial court erred in overruling his motion to suppress evidence found in his pocket. He argues that because the police officers did not have probable cause to arrest him or to conduct a warrantless search of his pocket, the search was unreasonable under the Fourth Amendment to the United States Constitution. This assignment of error is well taken.
The record shows that police officers received information that Carlos Richardson, who was wanted on outstanding warrants, could be found at the Rest Inn. Six to seven police vehicles waited in and around the hotel parking lot for Richardson to return there. Officer Jay Gramke parked his unmarked vehicle on a road behind the hotel so that Richardson could not leave that way. A marked police car parked behind him.
Police saw a car in which Richardson was a passenger enter the parking lot. Keys was later identified as the driver. Keys drove around both the unmarked and marked police cars. Gramke characterized Keys's actions as "evasive." He testified that while Keys was "not fleeing from us," he did not want to be "stopped by police at that point."
Keys subsequently reached a dead end in the hotel parking lot. The officers then left their vehicles, drew their weapons, and ordered Keys and Richardson to "put their hands up." Richardson immediately raised both of his hands in the air. Gramke observed Keys "digging into his pants pockets." Fearing that Keys had a weapon, he yelled to Officer Kyle Ingram to watch Keys because "he's reaching in his pockets, he's reaching into his waistband."
Ingram then opened Keys's door, placed him on the ground, and attempted to handcuff him. He had a difficult time handcuffing Keys because Keys continued to try to put his left hand into his left pants pocket. Ingram testified that he, too, feared that Keys had a weapon and that he was concerned for his personal safety as he handcuffed Keys.
After Keys was handcuffed, he was lying on the ground. Ingram conducted "a very quick patdown search" while Keys was still on the ground. He found no weapons or contraband. The officers stood Keys up, and Ingram began asking him some general questions. Ingram noticed that Keys was trying to "reach around while cuffed to the left pant pocket." He testified that he was concerned for his safety at that point. The officers then" pushed him back * * * against the car a little further so that he couldn't reach around into his pocket anymore." Ingram put his hand in Keys's left front pocket and retrieved a bag of cocaine.
In reviewing the trial court's decision on a motion to suppress, we must accept the trial court's findings of fact if competent, credible evidence supports them. State v. Sheppard (2001), 144 Ohio App.3d 135,759 N.E.2d 832. But we must independently determine, as a matter of law, whether the facts meet the appropriate legal standards. State v. Curry
(1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Neu (Mar. 3, 2000), 1st Dist. No. C-990552.
Keys contends that the police did not have probable cause to arrest him or to conduct a warrantless search of his pocket. The state concedes and we agree that Keys was under arrest when the police officers removed him from the car at gunpoint. See State v. Darrah (1980), 64 Ohio St.2d 22,412 N.E.2d 1328; State v. Bay (1998), 130 Ohio App.3d 772,721 N.E.2d 421; State v. Stallings, 1st Dist. No. C-030233, 2003-Ohio-6918. An arrest, as opposed to an investigative stop, requires probable cause. Probable cause exists if the totality of the facts and circumstances are sufficient to warrant a prudent person in believing that the suspect has committed or is committing an offense. State v. Heston (1972),29 Ohio St.2d 152, 280 N.E.2d 376; Cincinnati v. Wolfe, 1st Dist. Nos. C-010303 and C-010394, 2001-Ohio-3916; Stallworth, supra.
Furtive gestures, standing alone, do not create probable cause. Statev. Kessler (1978), 53 Ohio St.2d 204, 373 N.E.2d 1252; State v. Bell
(Oct. 18, 1995), 1st Dist. No. C-950088. Further, mere proximity to another person independently suspected of criminal activity does not, without more, provide probable cause. Ybarra v. Illinois (1979),444 U.S. 85, 100 S.Ct. 338; State v. Mitchell (1993), 87 Ohio App.3d 484,622 N.E.2d 680. The record shows that Keys was not driving recklessly and that the police officers did not know whether he had a valid license. At the moment the police removed Keys from the car at gunpoint, they knew only that Keys was driving in a car with a wanted individual, that he had driven around the police cars, that he was making furtive gestures, and that he refused to obey the police officers' instructions.
These factors, by themselves, did not rise to the level of probable cause. They would have been sufficient to justify the police in conducting an investigatory stop to allow for further investigation or to conduct a pat-down search for weapons. See State v. Bobo (1988),37 Ohio St.3d 177, 524 N.E.2d 489; State v. Brumfield, 1st Dist. No. C-030389, 2003-Ohio-7102. But an investigatory stop is not what occurred in this case. The incident became a full-blown arrest for which probable cause was needed.
Since probable cause did not exist, the arrest was in violation of theFourth Amendment. Since the arrest was invalid, the search of Keys's person could not be justified as a search incident to arrest. See Chimelv. California (1969), 395 U.S. 752, 89 S.Ct. 2034; Stallings, supra; Statev. Parrish, 10th Dist. No. 01AP-832, 2002-Ohio-3275; State v. Roye (June 22, 2001), 2nd Dist. No. 2001 CA 5. Further, because the arrest was invalid, any evidence obtained after that arrest should have been suppressed as "fruit of the poisonous tree." State v. Ali,154 Ohio App.3d 493, 2003-Ohio-5150, 797 N.E.2d 1019; Sheppard, supra;State v. Cossack, 7th Dist. No. 03-MA-263, 2005-Ohio-965.
Accordingly, the trial court erred in overruling Keys's motion to suppress. We sustain his sole assignment of error, reverse the trial court's judgment, and remand the case for further proceedings consistent with this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.