DECISION.
{¶ 1} Following a bench trial, the trial court found defendant-appellant Brandon Barnes guilty of disorderly conduct while intoxicated, in violation of R.C. 2917.11(B)(1). Because we hold that there was insufficient evidence to support his conviction, we reverse the judgment of the trial court and discharge Barnes.
 {¶ 2} Cincinnati police officer Mark McChristian responded to a radio call reporting a possible burglary in progress at an apartment building. When McChristian arrived at the scene, he noticed a broken window and, upon looking through the window, observed Barnes lying on a couch inside. When Barnes did not respond to the officer's request to open the front door, an officer entered the apartment through the window and let other officers in through the front door. The police immediately placed Barnes in custody and proceeded to question him. Barnes had slurred speech. He could not stand and had vomited on himself. Although Barnes supplied police with his proper name and social security number, due to a computer problem, police believed that Barnes had supplied them with a false identification. Consequently, police took Barnes to the Hamilton County Justice Center to be fingerprinted. Officer McChristian testified that "[i]t took approximately six officers from the city to come over and help our investigation. There's a supervisor there and there was another officer there that was required to come and follow us on down to the Justice Center because of him [Barnes] being belligerent, and he didn't want to cooperate with our commands." Officer McChristian did not elaborate upon what, exactly, was belligerent about Barnes's actions.
 {¶ 3} Officer Robert McDonough arrived at the apartment after McChristian. Officer McDonough testified that he observed Barnes sitting handcuffed on a couch "yelling and screaming."
 {¶ 4} Police later discovered that Barnes had a right to be in the apartment, and burglary charges were never filed. Police did file a charge of disorderly conduct against Barnes, alleging in the complaint that Barnes had caused alarm to a neighbor by trying to climb out the front window of the apartment.
 {¶ 5} In his first assignment of error, Barnes argues that there was insufficient evidence to support his conviction for disorderly conduct. In reviewing a claim of insufficient evidence, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781.
 {¶ 6} The prosecution charged Barnes with a violation of R.C.2917.11(B)(1). In pertinent part, that code section provides that "[n]o person, while voluntarily intoxicated, shall * * * in the presence of two or more persons, engage in conduct likely to * * * cause * * * alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others."
 {¶ 7} Barnes first argues that there was insufficient evidence to support his conviction because the prosecution failed to prove the factual allegations set forth in the complaint. The function of a complaint is to inform the accused of the crime of which he is charged. State v. Villagomez (1974),44 Ohio App.2d 209, 211, 337 N.E.2d 167; see, also, Crim.R. 3. The complaint in this case alleged that Barnes had caused alarm "to the compl. in apt. #2 and her friend. She called the police about somebody trying to climb out the front window. This is due to the arr. being intoxicated." At trial, the prosecution produced no evidence concerning whether Barnes had attempted to climb out the front window. And the prosecution did not call the complainant as a witness. Instead, the prosecution proceeded on a completely different theory than the one advanced in its complaint, claiming that Barnes had engaged in disorderly conduct in front of the investigating officers. This was error. Because counsel did not object on these grounds below, we apply a plain-error standard of review. To rise to the level of plain error, it must appear that, except for the error, the result of the trial clearly would have been otherwise, and that to not consider the error would result in a clear miscarriage of justice. State v. Underwood (1983),3 Ohio St.3d 12, 444 N.E.2d 1332; State v. Cooperrider (1983),4 Ohio St.3d 226, 448 N.E.2d 452.
 {¶ 8} We find no plain error in this case. Barnes's counsel did not argue or demonstrate reliance or surprise, and made no indication that his preparation for Barnes's defense had been hindered. Counsel argued for an acquittal based only upon the evidence presented. Under these circumstances, we can not say that plain error occurred. Cf. Crim.R. 33(E)(2) (when ruling on a motion for a new trial, no court may reverse a judgment of conviction based upon "a variance between the allegations [set forth in a complaint] and the proof thereof, unless the defendant is misled or prejudiced thereby"). This argument has no merit.
 {¶ 9} Next Barnes argues that his conviction for disorderly conduct must be reversed because there was insufficient evidence to support his conviction. We agree. It is not disputed that Barnes was intoxicated and that he was in the presence of two or more persons. The prosecution argues that Barnes's refusal to cooperate with police and his "yelling and screaming" was sufficient evidence to prove that Barnes had caused "alarm" pursuant to R.C. 2917.11(B)(1). We are unpersuaded. The prosecution did not offer any evidence that Barnes was physically aggressive or out of control. See, e.g., State v. Bay (1998),130 Ohio App.3d 772, 721 N.E.2d 421. And "yelling and screaming" is not punishable as a criminal act unless the words spoken amount to fighting words. See State v. Hoffman (1979),57 Ohio St.2d 129, 387 N.E.2d 239. Fighting words are words that are likely, by their very utterance, to inflict injury or to provoke the average person into an immediate retaliatory breach of the peace. Chaplinsky v. New Hampshire (1942), 315 U.S. 568,62 S.Ct. 766; Cincinnati v. Karlan (1974), 39 Ohio St.2d 107,314 N.E.2d 162. The record is void of any evidence demonstrating that Barnes's words could be considered "fighting words."
 {¶ 10} Under the particular facts of this case, where police had to awaken Barnes from an apparent drunken stupor in an apartment in which he had a right to be, where Barnes was immediately placed in custody and handcuffed, and where Barnes's "yelling and screaming" occurred while he was in custody in the apartment and were not fighting words, we hold that there was insufficient evidence to support a conviction for disorderly conduct as charged in the complaint. Therefore, we sustain Barnes's first assignment of error.
 {¶ 11} Given the disposition of Barnes's first assignment of error, his second assignment of error is moot, and we therefore decline to address it. See App.R.12(A)(1)(c).
 {¶ 12} For the foregoing reasons, the judgment of the trial court convicting Barnes guilty of disorderly conduct is reversed, and Barnes is discharged from further prosecution in this case.
Judgment reversed and appellant discharged.
Doan, P.J., and Sundermann, J., concur.