JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Barton H. Rippl, appeals his conviction for driving *Page 3 
while under suspension in violation of R.C. 4510.16(A). For the reasons set forth below, we affirm.
 {¶ 2} On January 9, 2008, appellant's vehicle stalled and he sought the assistance of Patrolman Kenney ("Kenney") to push the vehicle off the road. Afterwards, Kenney requested to see appellant's driver's license. Appellant presented Kenney with his international driver's permit.
 {¶ 3} When Kenney ran appellant's name through the state's bureau of motor vehicle computer system, "LEADS," Kenney learned that his driver's license had previously been suspended for failing to provide proof of financial responsibility pursuant to R.C. 4509.101. Accordingly, Kenney cited appellant for violating R.C. 4510.16(A), driving while under a suspended license.
 {¶ 4} Prior to trial, appellant filed numerous motions but eventually withdrew all except a motion to quash and a superceding motion to dismiss. On April 21, 2008, the trial court denied both motions.
 {¶ 5} Appellant then filed a motion to strike on May 14, 2008, which the trial court also denied. The case then proceeded to a bench trial on June 3, 2008. After hearing the evidence, the trial court found appellant guilty of violating R.C. 4510.16(A), driving while under a suspended license, and imposed a fine of $250 plus court costs and suspended appellant's license for one year.
 {¶ 6} Subsequently, appellant filed a motion for relief from judgment, which the trial court denied on June 16, 2008. Appellant now timely appeals and asserts three assignments of error for our review. Appellant's first assignment of error *Page 4 
states:
 {¶ 7} "Did defendant ever properly, and by definition, appear before Trial Court in the matter of complaint #R132417 and case number 08 TRD 00652? (See Ticket #R132417; Rocky River Municipal Court Docket for case 08 TRD 00652.)"
 {¶ 8} Within this assignment of error, appellant contends that the traffic ticket issued by Patrolman Kenney was insufficient to charge him with a traffic violation under Ohio law. Appellant maintains that, absent the filing of an affidavit, the ticket cannot constitute a valid summons pursuant to Ohio Traf. R. 3 and the trial court lacked jurisdiction over him.
 {¶ 9} Appellant's argument, however, is without merit. The Ohio Traffic Rules govern traffic cases such as this one. Traf. R. 3(A) provides that "[i]n traffic cases, the complaint and summons shall be the `Ohio Uniform Traffic Ticket[.]'" The role of a complaint is to advise the accused of the crime of which he is charged and the function of a summons is to bring a party to court. State v. Barnes, Hamilton App. No. C-050174, 2006-Ohio-1748; Northland Village Apts. v. Hamp (June 20, 1991), Montgomery App. No. 12407. A traffic ticket meets both of these purposes.
 {¶ 10} Furthermore, Traf. R. 3(E) promulgates the procedure for the issuance of a traffic ticket. This section provides that "[a] law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket upon defendant, and, without unnecessary delay, file the court copy with the court."
 {¶ 11} Moreover, a complaint and summons issued by means of an Ohio Uniform Traffic Ticket authorized by Traf. R. 3 bears the requisite information needed *Page 5 
in a minor misdemeanor citation pursuant to Crim. R. 4.1(C). State v.Studer (Nov. 25, 1991), Butler App. No. CA91-06-101. Finally, because Ohio Traf. R. 3, not Crim. R. 3, specifies the essential procedures for the issuance of a traffic ticket, a complaint provided through a traffic ticket need not be accompanied by an additional "affidavit."Cleveland v. Austin (1978), 55 Ohio App.2d 215, 380 N.E.2d 1357.
 {¶ 12} In instant matter, we find that the traffic ticket conforms with the requirements of Traf. R. 3(A) and (E) and there is no requirement that the citation be notarized or accompanied by an affidavit. Based on the foregoing, we overrule appellant's first assignment of error.
 {¶ 13} Appellant's second assignment of error states:
 {¶ 14} "Did Trial Court err in allowing complaint #R132417, issued by Patrolman Kenney to Defendant/Appellant, to be docketed when it was issued without statutory authorization? (See Ticket #R132417; Rocky River Municipal Court Docket for case 08 TRD 00652; transcript for case 08 TRD 00652, p. 20.)"
 {¶ 15} Within this assignment of error, appellant argues that the trial court erred in finding him guilty of violating R.C. 4510.16(A) because he showed Patrolman Kenney proof of financial responsibility on January 9, 2008. Whether appellant demonstrated proof of financial responsibility on January 9, 2008 is irrelevant because the suspension was still in effect. The trial court found appellant guilty of violating R.C. 4510.16(A). This statute states in relevant part:
 {¶ 16} "No person, whose driver's * * * license * * * has been suspended or canceled pursuant to Chapter 4509. of the Revised Code, shall operate any motor *Page 6 
vehicle within this state, * * * during the period of the suspension or cancellation, except as specifically authorized by Chapter 4509. of the Revised Code. * * *"
 {¶ 17} R.C. 4509.101 mandates that all drivers provide proof of financial responsibility when driving in Ohio. A driver that fails to abide by this rule will have their license suspended. See R.C. 4509.101(A)(2). If a person continues to drive while their license is suspended pursuant to R.C. 4509.101, then the driver violates R.C. 4510.16.
 {¶ 18} Thus, in order to find appellant guilty of violating R.C. 4510.16(A), the court had to determine that he was driving a vehicle while his license was suspended pursuant to R.C. 4509.101. In the instant matter, appellant's driver's license was suspended in December of 2005 because he failed to provide proof of financial responsibility pursuant to the requirements of R.C. 4509.101. This suspension was still in effect on January 9, 2008 when Patrolman Kenney issued appellant a citation under R.C. 4510.16(A) for driving a vehicle while his license was suspended. Thus, despite appellant's contentions, Patrolman Kenney was not required to request proof of financial responsibility before issuing the violation for R.C. 4510.16(A). Appellant's second assignment of error is without merit.
 {¶ 19} Appellant's final assignment of error states:
 {¶ 20} "Did Trial Court err in allowing Prosecution to rely, during trial, upon two prior alleged BMV suspensions for alleged `non-compliance for failure to show proof of financial responsibility,' when Defendant had never been duly notified by BMV of these two alleged suspensions and, thus, was offered no due process hearing prior *Page 7 
to the inception of either said alleged `non-compliance' suspension? (See transcript for case 08 TRD 00652, pps. 13-14; `LEADS' documents presented during trial by prosecution.)"
 {¶ 21} Here, appellant argues that he was unaware of the imposition of the two previous license suspensions that led to his conviction for operating a motor vehicle while under a suspension in violation of R.C. 4510.16(A) because he was never afforded due process hearings in regards to these two suspensions. We, however, must presume regularity in the proceedings regarding the two previous suspensions. We have nothing in the record to support a finding of error or that appellant was not afforded due process.
 {¶ 22} This court has consistently followed the mandate of Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384, where the court held:
 {¶ 23} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199.
 {¶ 24} Without any evidence to the contrary, we must presume that appellant was made aware of the two suspensions. Accordingly, appellant's final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1