[Cite as *Broadview Hts. v. Dunn*, 2026-Ohio-1199.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF BROADVIEW HEIGHTS,　　　:

　　Plaintiff-Appellee,　　　　　:

　　　　　　　　　　　　　　　　　　　No. 115523

　　v.　　　　　　　　　　　　　　:

MICHAEL C. DUNN,　　　　　　　　:

　　Defendant-Appellant.　　　　:

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED IN PART AND AFFIRMED IN PART
**RELEASED AND JOURNALIZED:** April 2, 2026

---

Criminal Appeal from the Parma Municipal Court
Case Nos. 25CRB01518 and 25TRC07728

---

### *Appearances:*

Dean DePiero, City of Broadview Heights Assistant Law
Director and Prosecutor, *for appellee*.

Michael C. Dunn, *pro se*.

---

MICHAEL JOHN RYAN, J.:

{¶ 1} In this accelerated appeal, defendant-appellant Michael Dunn
("Dunn"), pro se, appeals from two cases that were adjudicated in the Parma
Municipal Court.  App.R. 11.1 and Loc. App.R. 11.1 govern accelerated appeals; the

purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Priest*, 2014-Ohio-1735, ¶ 1 (8th Dist.).

{¶ 2} On May 30, 2025, Dunn was ticketed and arrested in the City of Broadview Heights. Two complaints were filed against Dunn in the Parma Municipal Court. In Parma M.C. No. 25TRC07728, Dunn was charged with five traffic violations. In Parma M.C. No. 25CRB01518, Dunn was charged with two drug-related offenses.

{¶ 3} For the reasons discussed below, we dismiss the appeal as it relates to Parma M.C. No. 25CRB01518; we affirm the trial court's judgment as it relates to Parma M.C. No. 25TRC07728.

{¶ 4} Arraignment on the two cases was scheduled for June 6, 2025. Dunn, pro se, appeared at arraignment and challenged the trial court's subject-matter jurisdiction over the cases and personal jurisdiction over him. Dunn refused to enter a not guilty plea; the trial court entered it for him.

{¶ 5} On July 6, 2025, Dunn filed a motion to dismiss on jurisdictional grounds. The trial court held a hearing on the motion and denied it. The matter proceeded to a bench trial, at the conclusion of which the court acquitted Dunn of the drug-related offenses charged in Parma M.C. No. 25CRB01518 and found him guilty of the traffic-related violations charged in Parma M.C. No. 25TRC07728. The trial court sentenced Dunn to 180 days of jail, with 160 days suspended, and imposed fines and costs.

{¶ 6} Dunn now appeals and raises two assignments of error for our review. In his first assignment of error, Dunn contends that the trial court did not have personal jurisdiction over him. In the second assignment of error, Dunn contends that the trial court lacked subject-matter jurisdiction over the two cases.

{¶ 7} Initially, we note that there is no live controversy for us to consider relative to Parma M.C. No. 25CRB01518 because the trial court acquitted Dunn of those charges. *See Cleveland v. Spears*, 2019-Ohio-3041, ¶ 7 (8th Dist.), citing *Bayview Loan Servicing v. Salem*, 2015-Ohio-2615 (9th Dist.) ("Appellate courts cannot review questions that do not involve live controversies."). Thus, this appeal is dismissed as it relates to Parma M.C. No. 25CRB01518.

{¶ 8} Relative to Parma M.C. No. 25TRC07728, we find that the trial court had both personal jurisdiction over Dunn and subject-matter jurisdiction over the case.

{¶ 9} In Dunn's first assignment of error, he contends that the trial court lacked personal jurisdiction over him. We disagree.

{¶ 10} "Personal jurisdiction refers to the court's power to render a valid judgment against a particular individual." *State v. Henderson*, 2020-Ohio-4784, ¶ 36. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his [or her] plea to the charge." *Id.*, citing *Tari v. State*, 117 Ohio St. 481, 490 (1927); *see also State v. Jeffries*, 2023-Ohio-4657, ¶ 4 (8th Dist.) ("In a criminal case, the

court secures jurisdiction over the person by the lawful process of arrest and arraignment of the defendant and his [or her] plea to the charge.").

{¶ 11} Dunn appeared at arraignment and contended that the trial court did not have jurisdiction over him. To the extent Dunn contends that the trial court did not have jurisdiction over him because he refused to enter a not guilty plea, the trial court properly entered it on his behalf. Crim.R. 11(A) provides in relevant part that "[i]f a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant."

{¶ 12} Further, personal jurisdiction can be waived by, among other things, a defendant's voluntary appearance or actions. *In re C.T.*, 2010-Ohio-5887, ¶ 12 (2d Dist.). After Dunn appeared at arraignment and the trial court entered a not guilty plea on his behalf, Dunn continued to appear in court and litigated the matter through a bench trial. Thus, Dunn waived the issue of lack of personal jurisdiction.

{¶ 13} The first assignment of error is overruled.

{¶ 14} In Dunn's second assignment of error, he contends that the trial court lacked subject-matter jurisdiction. We disagree with that contention as well.

{¶ 15} "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14. "'A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.'" *Id.*, quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the

controversy.'" *Id.*, quoting *State v. Harper*, 2020-Ohio-2913, ¶ 23.  Subject-matter jurisdiction is a condition precedent to a court's power to adjudicate and render judgment in a case and "in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss." *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 21.  Subject-matter jurisdiction cannot be waived.  *State v. Wilson*, 73 Ohio St.3d 40, 46 (1995).

{¶ 16} The general subject-matter jurisdiction of Ohio municipal courts is defined statutorily by the legislature.  Specifically, R.C. 1901.02(B) vests the Parma Municipal Court with jurisdiction over several municipalities, including Broadview Heights.  Thus, because the infractions at issue occurred in Broadview Heights, the Parma Municipal Court had subject-matter jurisdiction to adjudicate them.

{¶ 17} Dunn challenges the form of the traffic ticket issued to him. Traf.R. 3(A) provides that "[i]n traffic cases, the complaint and summons shall be the 'Ohio Uniform Traffic Ticket[.]'"  A traffic ticket that complies with the Uniform Traffic Rules is a valid complaint, giving sufficient notice and establishing jurisdiction.  *Shaker Hts. v. El-Bey*, 2017-Ohio-929, ¶ 10 (8th Dist.).

{¶ 18} Dunn's contention that the traffic ticket was invalid because it was not notarized is unfounded.  Traf.R. 3(A) does not contain a requirement that a traffic ticket be notarized.  *State v. Rippl*, 2009-Ohio-1599, ¶ 12 (8th Dist.).  Dunn's contention that the traffic ticket was invalid because it lacked a handwritten signature is also meritless.  The ticket contained the issuing officer's name in type-faced print.  An officer's name affixed on a ticket in printed form satisfies the

Traf.R. 3 signature requirement.  *Cleveland v. Trzebuckowski*, 2002 Ohio App. LEXIS 550, *8 (8th Dist. Feb. 14, 2002).

{¶ 19} The second assignment of error is overruled.

{¶ 20} In sum, there is no live controversy for us to consider relative to Parma M.C. No. 25CRB01518 and the trial court had both personal jurisdiction over Dunn and subject-matter jurisdiction over Parma M.C. No. 25TRC07728.

{¶ 21} The appeal is dismissed as it relates to Parma M.C. No. 25CRB01518; the trial court's judgment as it relates to Parma M.C. No. 25TRC07728 is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to municipal court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHAEL JOHN RYAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR