[Cite as *State v. Studgions*, 2016-Ohio-5236.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103546

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANTOINE B. STUDGIONS

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-521554-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 4, 2016

**ATTORNEY FOR APPELLANT**

Kelly Zacharias
5546 Pearl Road
Parma, Ohio 44129


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Brett Hammond
         T. Allan Regas
Assistant Prosecuting Attorneys
The Justice Center, 8th and 9th Floors
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Antoine B. Studgions ("Studgions"), appeals the sentence he received in response to his motion to correct his sentence. He assigns the following sole assignment of error:

> 1. The trial court committed error when it failed to determine if two of appellant's convictions were allied offenses that merged.

**{¶2}** We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

**{¶3}** In June 2009, Studgions pleaded guilty to one count each of attempted felonious assault, domestic violence, and drug possession. The charges resulted from an incident in which police observed Studgions kicking and punching his pregnant girlfriend, who was lying on the ground in the fetal position. Studgions and his girlfriend had been in a relationship for six years and had two children together in addition to their unborn child. Studgions was not sentenced as scheduled in July 2009 because he was in federal custody.

**{¶4}** Three years later, in September 2012, Studgions was remanded from a federal prison for sentencing in this case. The court sentenced Studgions to five years on the attempted felonious assault conviction, 12 months on the drug possession conviction, and six months in the county jail on the domestic violence conviction. The court ordered the

sentences on the attempted felonious assault and drug possession convictions to be served consecutively for an aggregate six-year prison term.

{¶5} Studgions did not appeal his convictions or sentence, but later moved, pro se, to correct an unlawful sentence in June 2015. He argued his six-year prison sentence was void as contrary to law because the five-year prison term on the attempted felonious assault charge exceeded the permissible statutory range for a third-degree felony. The trial court granted Studgions's motion, resentenced him to 36 months in prison on the attempted felonious assault conviction and reimposed the six- and 12-month prison terms on the drug possession and domestic violence convictions. Again, the court ordered the sentences on the attempted felonious assault and drug possession convictions to be served consecutively, for an aggregate 48-month sentence.

{¶6} Studgions now appeals his sentence.

## II.  Law and Analysis

{¶7} In his sole assignment of error, Studgions argues the trial court erroneously failed to merge allied offenses when it resentenced him. He contends the domestic violence and attempted felonious assault convictions should have merged because they both arose from the same conduct. The state contends Studgions's allied offenses argument is barred by the doctrine of res judicata.

{¶8} Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could

have been raised by the defendant at the trial that resulted in the conviction. *State v. Qunnie*, 8th Dist. Cuyahoga No. 100317, 2014-Ohio-1435, ¶ 11. Therefore, any issue that could have been raised on direct appeal and was not is barred by res judicata and not subject to review in subsequent proceedings. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶9} Generally, sentencing errors do not render a judgment void because such errors have no effect upon the trial court's jurisdiction. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 7. However, "[i]f a judgment is void, the doctrine of res judicata has no application, and the propriety of the decision can be challenged on direct appeal or by collateral attack." *State v. Holmes*, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816, citing *Fischer* at paragraph one of the syllabus (a void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack".).

{¶10} A sentence that is unauthorized by law is void. *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10. A void sentence is a nullity; "'[i]t is as though such proceedings had never occurred * * * and the parties are in the same position as if there had been no judgment.'" *Id.* at ¶ 10, quoting *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12, *overruled on other grounds, State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

{¶11} The trial court originally sentenced Studgions to a five-year prison term on the attempted felonious assault conviction, which was a third-degree felony. R.C.

2929.14(A)(3), which governs basic prison terms, provides that the maximum prison term for most third-degree felonies, including Studgions' attempted felonious assault conviction, is 36 months. Therefore, his original five-year sentence exceeded the permissible statutory range, was not authorized by law, and was void.

{¶12} Since Studgions original sentence was void and it is as if it never occurred, the sentence he now appeals is reviewable and is not barred by res judicata. However, Studgions failed to object to the separate punishments at sentencing and has forfeited all but plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3.

{¶13} Crim.R. 52(B) authorizes appellate courts to correct "'[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Rogers* at ¶ 22, quoting Crim.R. 52(B). To prevail under a plain error analysis, the appellant bears the burden of demonstrating that the trial court "deviated from a legal rule," or that there was "an 'obvious' defect in the proceedings" that resulted in prejudice, i.e., the outcome of the proceedings would have been different. *Id.* at ¶ 17-22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶14} R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. Under R.C.

2941.25(A), when the same conduct by the defendant "can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." However, R.C. 2941.25(B) provides that

> [w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶15} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court held that if a defendant's conduct consisted of multiple offenses, the defendant can be convicted of all of the offenses if any one of the following is true (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows the offenses were committed separately, or (3) the conduct shows the offenses were committed with separate animus. *Id*. at paragraph three of the syllabus, citing R.C. 2941.25(B). Two or more offenses are of dissimilar import within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id*. at paragraph two of the syllabus.

{¶16} Studgions was convicted of domestic violence and attempted felonious assault for kicking and punching his pregnant girlfriend. Studgions' conduct was directed at two victims; his girlfriend and her unborn child. Even if the trial court had considered the merger of allied offenses on the record, the offenses would not have

merged. Studgions's conduct related to two victims with a separate animus to each. Therefore, Studgions fails to show that the failure to merge allied offenses was plain error.

{¶17} The sole assignment of error is overruled.

{¶18} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR