[Cite as *State v. Castro*, 2024-Ohio-2453.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                              :

    Plaintiff-Appellant,          :

                               No. 113285

    v.                                        :

DAEQWAN CASTRO,                            :

    Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** June 27, 2024

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-23-680351-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Alan Dowling, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

ANITA LASTER MAYS, J.:

**{¶1}** Plaintiff-appellant, State of Ohio, appeals the trial court's sentence imposed upon defendant-appellee, Daeqwan Castro ("Castro"). We vacate the trial court's sentence and remand the matter for resentencing.

## I. Facts and Procedural History

**{¶2}** On September 28, 2023, Castro pleaded guilty to identity fraud in CR-23-679636-A and failure to comply, attempted having weapons while under disability, attempted receiving stolen property, and obstructing official business in CR-23-680351-A. At the hearing, the trial court stated: "Now, you do have a separate matter that's currently pending in federal court; is that right?" Tr. 6. Castro's attorney informed the trial court that Castro was currently serving a four-year sentence in that matter and that the federal case was resolved. Tr. 7. The trial court then stated: "I'll indicate for the record that your counsel approached the Court along with the prosecutor to discuss the prospects of me sentencing you concurrently in these matters to that federal sentence." *Id.*

**{¶3}** After the trial court fully complied with Crim.R. 11, it sentenced Castro stating:

> I'm going to sentence you in 680351 to nine months on Count 1. That has to be served prior to and consecutive with the one-year firearm specification for a year and nine months. Counts 3, 6, and 7, it's going to be nine months in all of those counts. They'll run concurrent with each other, but by operation of law they have to run consecutive with the failure to comply, but not consecutive with the firearm specification. So those counts can run while the firearm specification is being run. So the total sentence there is a year and nine months.

. . . I'll order the class one driver license suspension also in 680351.

But in 679363, I'm going to sentence you to five years of community control, and I'm doing that because when you get out of the system, if you have needs, you need help adjusting, I'm telling you now that I'd be willing to help you. Failure to comply is reckless, to be sure, but there are no crimes here that you pled to that are violent, and so to that end I'm willing to work with you.

And also, I'll tell you more fully that's really the only way that we can ensure that restitution gets paid, because I place you on probation, the condition is going to be that you make this restitution. So there may come a time when you get out of the federal system that you want to be free of any supervision of any kind, you'll have to make this restitution in order for me to consider terminating you early from that probation.

Tr. 27 - 29.

{¶4} The trial court ordered the entire sentence to run concurrently with Castro's federal prison time. *Id.* The State questioned the trial court's sentence in 680351, stating: "Well, a failure to comply is nine plus the year firearm spec, we're at a year and nine months, plus another nine months for the remainder of the indictment." Tr. 30. To which the trial court replied:

Why does the remainder of the indictment have to be consecutive to the firearm specification? So the firearm specification has to be served prior to and consecutive with the failure to comply, but the firearm specification is not attached to Counts 3, 6, and 7. So Counts 3, 6, and 7, based on my understanding of Ohio sentencing law, can be served concurrently with that firearm specification. So while he's doing that one-year firearm specification, the nine months in 3, 6, and 7 will run, but they have to be consecutive to the failure to comply. So that nine months won't begin to run until after he finishes his one-year firearm specification.

*Id.*

**{¶5}** The State replied that the firearm specification must be consecutive to the base charge. *Id.* The trial court agreed but disagreed that the specification had to be consecutive to the other charges. The trial court also stated:

> If I need to correct it, I'd be willing to, because the fact of the matter is it's all going to be ordered concurrent with the federal court sentence. So if I hear from the Bureau of Prisons that there needs to be some change, I'd be willing to make it, but even if it ended up being that it had to be consecutive to the firearm specification, which I don't think it does, it would have the result in adding nine months, which would still be less than the four years. The reason why I'm ordering it the way I am, however, I'll indicate, is that I know four years in federal prison doesn't really mean four years; it typically means about 85 percent of that, but then you also have halfway house eligibility for that last six months. So in an ideal world, by the time he gets finished with federal court or federal prison, all of this will be done, since that was the goal when you all approached me about a concurrent sentence.

Tr. 31 - 32.

**{¶6}** For the purposes of appeal, the State made a formal objection to the trial court's sentence, filed this appeal, and assigned one error for our review:

> 1. The trial court erred by ordering appellee's firearm specification sentence to run concurrently to other sentences from the same indictment, contrary to law.

## II.    Standard of Review

**{¶7}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002 ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required

by relevant sentencing statutes or the sentence is otherwise contrary to law. A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Pawlak*, 2016-Ohio-5926, ¶ 58 (8th Dist.). Conversely, if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law. *State v. Woodard*, 2018-Ohio-2402, ¶ 35 (8th Dist.). *See also State v. Clay*, 2020-Ohio-1499, ¶ 26, citing *Pawlak* at ¶ 58.

## III. Law and Analysis

**{¶8}** In the State's sole assignment of error, it argues that the trial court erred when it ordered Castro's one-year firearm specification sentence to run concurrently to other sentences from the same indictment in CR-23-680351-A. The State is not appealing the sentence in the CR-23-679636-A. Castro concedes the error but does not agree with the State's requested relief. The State contends that the firearm specification and the failure to comply sentence must run prior to and consecutive to all other prison terms in the case and asks this court to remand to the trial court for resentencing. Castro, however, argues that a prison term does not need to be imposed on a failure to comply offense or any of the offenses charged in the other three counts.

**{¶9}** In CR-23-680351-A, the trial court sentenced Castro to nine-months imprisonment to be served consecutively and prior to the mandatory one-year sentence on the firearm specification. The trial court then sentenced Castro to nine-months imprisonment for the remaining three counts to run concurrent with each other and the firearm specification sentence but consecutive to the failure to comply sentence. Both the State and Castro agree that the trial court must run the firearm specification sentence consecutively to all four of the counts on the indictment; however, the State requests a remand to the trial court to specifically run the firearm specification to the other sentences, which would significantly increase Castro's time in prison.

**{¶10}** Castro, however, requests that this court remand to the trial court for a complete resentencing since, per the record, the trial court's intentions were to have Castro's sentence run concurrently to his federal sentence. It should be noted that "'[n]o court has the authority to impose a sentence that is contrary to law.'" *State v. Houston*, 2019-Ohio-355, ¶ 5 (8th Dist.), quoting *State v. Fischer*, 2010-Ohio-6238, ¶ 23. "A trial court is only authorized to impose a sentence that is prescribed by statute." *Id.* at ¶ 5, citing *id.* at ¶ 22. "Therefore, '[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.'" *Id.* at *id.*, quoting *State v. Williams*, 2016-Ohio-7658, ¶ 20.

**{¶11}** "The sentence is, therefore, contrary to law and void because the trial court imposed a sentence that was not authorized by law." *Id.* at ¶ 7. We cannot modify Castro's sentence by simply remanding the case to impose a longer sentence; instead, this court must remand this case to the trial court for de novo resentencing. *See id.* at ¶ 9. "'[A] void sentence is a nullity.'" *Id.*, quoting *State v. Studgions,* 2016-Ohio-5236, ¶ 10 (8th Dist.). "We cannot modify a void sentence because '[i]t is as though such proceedings had never occurred . . . and the parties are in the same position as if there had been no judgment.'" *Id.*, quoting *State v. Billiter*, 2012-Ohio-5144, ¶ 10, quoting *State v. Bezak*, 2007-Ohio-3250, ¶ 12.

**{¶12}** Therefore, the State's assignment of error is sustained, and this matter is remanded to the trial court for the limited purposed of resentencing.

**{¶13}** Judgment vacated, and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR