[Cite as *State v. Stewart*, 2020-Ohio-6743.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                  No. 109498

    v.                           :

LARRY STEWART,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 17, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-96-340429-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellee.*

Larry Stewart, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Larry Stewart, appeals the trial court's decision denying his motion to vacate a void sentence. For the reasons that follow, we affirm.

{¶ 2} In 1997, Stewart was sentenced to prison for "30 years to life" for aggravated murder with capital and firearm specifications. In his direct appeal,

Stewart did not raise that his sentence was void for failing to follow the statutory language when sentencing for aggravated murder or that the court imposed a sentence outside of his presence in violation of Crim.R. 43. *State v. Stewart*, 8th Dist. Cuyahoga No. 73255, 1998 Ohio App. LEXIS 5462 (Nov. 19, 1998).

{¶ 3} In June 2019, Stewart filed a motion to vacate void sentence, contending that the trial court's sentence was contrary to law because it did not follow the statutory language of R.C. 2929.03(D)(2), i.e., his sentence should be "life imprisonment with parole eligibility after serving thirty full years of imprisonment." The trial court denied the motion, finding that the sentence was lawful because the trial court advised Stewart at sentencing that it was imposing a sentence of "life imprisonment with parole eligibility after thirty years."

{¶ 4} Stewart now appeals, raising the following three assignments of error:

> [I.] The trial court erred as a matter of law in sentencing [him] to an unauthorized term of thirty years to life for aggravated murder with specifications instead of the statutorily mandated term of life imprisonment with parole eligibility after thirty full years.

> [II]. The trial court erred as a matter of law in denying [his] motion to vacate a void sentence where the sentence for aggravated murder does not contain the correct prison term mandated by R.C. 2929.03(D)(2), and *State ex rel. Stewart v. Russo*, 2016-Ohio-421.

> [III.] The trial court erred as a matter of law by imposing one sentence in open court and journalized a different sentence outside [his] presence in violation of Crim.R. 43(A), and his right to due process.

{¶ 5} The Ohio Supreme Court recently held that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are [not void], but voidable if the court imposing the sentence has

jurisdiction over the case and the defendant." *State v. Henderson*, Slip Opinion No. 2020-Ohio-4784, ¶ 1; *see also State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 4. If the sentencing error rendered the defendant's sentence voidable, the error cannot be corrected through a postconviction proceeding. *Henderson* at ¶ 43.

{¶ 6} Recently in *State v. Walker*, 8th Dist. Cuyahoga Nos. 108752 and 108884, 2020-Ohio-5261, the defendant argued that his sentence was contrary to law and void because the version of R.C. 2929.03 in effect at the time he was sentenced required a sentence of "an indefinite term of fifteen years to life" and the trial court omitted the word "indefinite" when sentencing him. Based on *Henderson* and *Harper*, this court held that even if the trial court had improperly omitted the word "indefinite," the sentencing error would render Walker's sentence voidable, not void; thus, Walker's sentence only could be challenged by objecting at sentencing or on direct appeal, not through a postconviction motion. *Id.* at ¶ 30; s*ee also State v. Starks*, 8th Dist. Cuyahoga No. 109444, 2020-Ohio-4306 (when the trial court imposed sentences of "life" imprisonment instead of sentences of "life imprisonment with parole eligibility after serving twenty years of imprisonment," the sentences were merely voidable; thus, not reviewable in postconviction proceedings).

{¶ 7} Based on the authority of *Henderson*, *Walker*, and *Starks*, we find no merit to Stewart's first and second assignments of error. Even if the trial court improperly imposed a sentence of "30 years to life," the error would render Stewart's sentence voidable, not void; thus, it cannot be challenged in a postconviction

proceedings. Accordingly, the trial court did not err in denying his motion to correct a void sentence.[1]

**{¶ 8}** Stewart's third assignment of error, raising a Crim.R. 43 violation, is also without merit because he could have raised this issue in his direct appeal and res judicata now prevents him from doing so in this appeal. *See State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6.

**{¶ 9}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR

---

[1]We note that Stewart concedes that the trial court imposed the proper sentence in open court at the time of sentencing. *See* Appellant's Reply Brief, p. 3. Accordingly, the trial court could issue a nunc pro tunc sentencing entry to reflect the sentence the court imposed in open court. *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15; *State v. Sandidge*, 8th Dist. Cuyahoga No. 109277, 2020-Ohio-1629.