[Cite as *State v. Jeffries*, 2023-Ohio-4657.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                           No.  112789

    v.                                 :

MAIKIA S. JEFFRIES,                    :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  December 21, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-610609-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Maikia S. Jeffries, *pro se.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Maikia S. Jeffries ("Jeffries"), pro se, appeals the denial of his postconviction motion to void judgment.  For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} This is the third appeal filed by Jeffries. The first appeal was *State v. Jeffries*, 8th Dist. Cuyahoga No. 106889, 2018-Ohio-5039 ("*Jeffries I*"). On December 13, 2018, this court affirmed his convictions for two counts of kidnapping and two counts of gross sexual imposition. Jeffries filed a motion to reconsider our decision in *Jeffries I*. *State v. Jeffries*, 8th Dist. Cuyahoga No. 106889, 2019-Ohio-4255. There, this court denied Jeffries' motion to reopen his appeal as untimely. Most recently on March 16, 2023, Jeffries filed a motion with the trial court to void judgment for lack of subject-matter jurisdiction and lack of jurisdiction over his person. On April 25, 2023, the trial court denied his motion on the grounds it was barred by the doctrine of res judicata. Jeffries filed a motion for reconsideration, which the trial court denied on May 18, 2023. Now, Jeffries appeals and raises the following assignments of error for our review.

**Assignment of Error No. 1**

The trial court erred in refusing to consider motion to void the judgment for lack of subject-matter jurisdiction and over person to act, for failure to comply with the Ohio General Assembly statutory sentencing guidelines; denying appellant right to meaningful appellate review in violation of cruel and unusual punishment, due process, equal protection; Fifth, Eighth, Fourteenth Amendment of the United States Constitution, Article 1, Section 2,9,16 of the Ohio Constitution.

**Assignment of Error No. 2**

The trial court erred to the prejudice of appellant and abused its discretion when it exceeded its authority when it failed to adhere to clearly established statutory requirements/mandates by imposing a sentence that is contrary to law, amounted to cruel and unusual punishment in violation of the Fifth, Eighth, Fourteenth Amendment

to the United States Constitution, Article 1, Section 2,9,16 of the Ohio Constitution.

## Assignment of Error No. 3

The trial court erred to prejudice of appellant and abused its discretion for denying motion to void judgment for lack of subject–matter jurisdiction and over person when it applied the doctrine of res judicata; because the appellant has not had a proper direct appeal as of right; in violation of the Fifth, Fourteenth Amendment right to due process, and equal protection of the United States Constitution, Article 1, Section 2, 16 of the Ohio Constitution.

## Law and Analysis

{¶ 3} Jeffries argues that the trial court erred when it (1) denied his postconviction motion to void judgment for lack of subject-matter jurisdiction and jurisdiction over his person; (2) imposed a sentence contrary to law; and (3) applied the doctrine of res judicata. Since application of the doctrine of res judicata will resolve this appeal, all the assignments of error will be addressed jointly.

{¶ 4} As a preliminary matter, it is important to clarify whether Jeffries' judgment is void. A judgment is only void if the trial court lacked personal jurisdiction over the defendant or subject-matter jurisdiction over the case. *State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 34. In a criminal case, the court secures jurisdiction over the person by the lawful process of arrest and arraignment of the defendant and his plea to the charge. *Id.* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490, 159 N.E. 594 (1927). The General Assembly vested common pleas courts with the authority to adjudicate criminal cases, except minor offenses. *Id.* at ¶ 35, citing R.C. 2931.03. Felony cases are included. *Id.* Here, the trial court possessed both personal jurisdiction over Jeffries and subject-matter

jurisdiction over his underlying charges. Consequently, the trial court's judgment was not void.

{¶ 5} Conversely, "[i]f the court has jurisdiction over the case and the person, any error in the court's exercise of that jurisdiction is voidable." *Id.* at ¶ 34. A voidable judgment must be challenged on direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26. "[T]he failure to timely — at the earliest available opportunity — assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Henderson* at ¶ 17, citing *Tari*.

{¶ 6} So, when a judgment is voidable, the doctrine of res judicata precludes a party from claiming and litigating in any proceeding, short of a direct appeal, claims that could have been raised in the trial court. *Id.* at ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Consequently, the trial court did not err when it applied the doctrine of res judicata and dismissed Jeffries' motion.

{¶ 7} Accordingly, the first, second, and third assignments of error are overruled.

{¶ 8} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY EILEEN KILBANE, J., CONCUR