[Cite as *State v. Williams*, 2024-Ohio-5708.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                   No. 113721

    v.                            :

MALIK WILLIAMS,                         :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 5, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-682919-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Krystal Hyojong Lee, Assistant Prosecuting Attorney, *for appellee*.

Mary Catherine Corrigan, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} In this appeal, defendant-appellant Malik Williams challenges the trial court's imposition of a five-to-seven and one-half year prison sentence on him for a second-degree trafficking offense; he was sentenced under the Reagan Tokes Law.

According to Williams, the sentence was contrary to law. After a thorough review of the facts and pertinent law, we affirm.

{¶ 2} In August 2023, Williams was charged in a six-count indictment with drug-related, theft, and weapons crimes and specifications. The charges resulted after Williams was searched and contraband was found on his person. The search was conducted when Williams was found standing by a stolen Maserati with his dog on the hood of the vehicle. Another individual was standing by the stolen vehicle too and had the key for the vehicle.

{¶ 3} After negotiations with the State of Ohio, Williams pleaded guilty to Count 1, trafficking, amended from a felony of the first degree to a felony of the second degree, along with four forfeiture specifications. In exchange for Williams's plea, the remaining charges and specifications were dismissed. At the time of his plea, Williams was out on bond; the trial court continued the bond and warned Williams to stay out of trouble and show up for sentencing. Specifically, the court warned Williams, "[I]f you don't show up, it's a maximum sentence." (Tr. 29.) Williams promised, "I'll show up." *Id.*

{¶ 4} Sentencing was set for January 17, 2024. The defense requested, and the trial court allowed for, a presentence investigation. Williams failed to show for the scheduled interview with the probation department, however. Williams also failed to appear for the January 17 sentencing. The trial court issued a warrant for Williams, and the sentencing hearing was held on January 26, 2024, with Williams present. The trial court imposed a prison sentence of five-to-seven and one-half

years.  Williams appeals, raising the following sole assignment of error:  "The trial court's sentence was contrary to law."

{¶ 5} In support of his contention that the sentence was contrary to law, Williams argues that "the trial court blatantly failed to take into consideration any of the mitigation, namely the Appellant's lack of adult criminal history, his young age, and his lack of positive guidance growing up."

{¶ 6} When reviewing felony sentences, appellate courts apply the standard of review found in R.C. 2953.08(G)(2).  *State v. Marcum*, 2016-Ohio-1002, ¶ 9.  Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 7} R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."  *State v. Jones*, 2020-Ohio-6729, ¶ 39.  Further,

> if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law.

*State v. Phillips*, 2021-Ohio-2772, ¶ 7 (8th Dist.).

{¶ 8} Although trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific

findings under either of the statutes. *Jones* at ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31; *State v. Arnett*, 2000-Ohio-302. "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Phillips* at ¶ 8, citing *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.). Moreover, a statement in a trial court's sentencing entry that it considered all the required factors of law is sufficient to fulfill a trial court's obligation under the sentencing statutes. *State v. Riemer*, 2021-Ohio-4122, ¶ 18 (8th Dist.).

{¶ 9} The trial court's sentencing entry in this case contains all the necessary findings. The court stated that it "considered all required factors of the law" and that it "finds that prison is consistent with the purpose of R.C. 2929.11." Moreover, the trial court admonished Williams at the plea hearing that he needed to stay out of trouble and show up for sentencing; he failed to show for the originally scheduled sentencing hearing.

{¶ 10} At the second scheduled sentencing hearing, Williams's counsel explained Williams's failure to show the first time. According to counsel, there was "a communications breakdown" between Williams and the probation department, which resulted in Williams not attending his scheduled presentence investigation interview with the department. (Tr. 34.) Williams was able to meet with his assigned probation officer at a later date, however. According to counsel, the officer told Williams that because the meeting was at the "11th hour," the report would not be prepared in time for the sentencing hearing and so the hearing was off and Williams did not need to attend. *Id.* The trial court judge responded, "I don't believe

that at all," took a recess, and spoke with Williams's probation officer. *Id.* at 34-35, 37. The trial court judge reported that the probation officer "100 percent denies that she said that." *Id.* at 37.

{¶ 11} Defense counsel advocated for a two-year sentence for Williams and cited potentially mitigating factors for the court's consideration. Williams has not affirmatively demonstrated that the trial court failed to consider the statutory factors. On this record, the trial court's sentence was not contrary to law. Williams's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR