[Cite as *State v. Majid*, 2025-Ohio-172.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,        :

                                   Nos. 114134 and 114236

    v.                              :

ARIF S. MAJID,                    :

    Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-474447-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee*.

Arif S. Majid, *pro se*.

MICHAEL JOHN RYAN, P.J.:

{¶ 1} In this consolidated appeal, defendant-appellant Arif Majid appeals from the trial court judgments, dated June 12 and July 18, 2024, denying Majid's motions for an order, respectively: (1) to vacate nunc pro tunc entry and (2) granting nunc pro tunc entry. For the reasons that follow, we affirm.

**Factual and Procedural Background**

{¶ 2} This case originates from a 2005 bar shooting committed by Majid; two patrons were wounded and one patron was killed. A Cuyahoga County Grand Jury charged Majid with aggravated murder with one- and three-year firearm specifications, three mass murder specifications, a notice of prior conviction, and a repeat violent offender specification. Majid was also charged with having a weapon while under disability and three counts of attempted murder each with one- and three-year firearm specifications, a notice of prior conviction, and a repeat violent offender specification. Majid pleaded not guilty to the charges, and with the exception of the disability count, the matter proceeded to a jury trial; the disability count was tried to the bench.

{¶ 3} The jury found Majid guilty of the lesser-included offense of murder under Count 1 with specifications for firearms and mass murder, the notice of prior conviction, and the repeat violent offender specification. The jury also found Majid guilty of two of the three counts of attempted murder along with one- and three-year firearm specifications, the notices of prior conviction, and the repeat violent offender specifications; the jury found him not guilty of the third attempted murder count. The court found Majid guilty of having a weapon while under disability. The trial court sentenced Majid to a cumulative prison term of 43 years to life.

{¶ 4} Majid appealed. *State v. Majid*, 2009-Ohio-3075 (8th Dist.). This court found that jury misconduct necessitated a reversal of Majid's convictions and remand to the trial court for a new trial. *Id*. at ¶ 1, 35.

{¶ 5} On remand, the charges against Majid were as follows: Count 1, murder with one- and three-year firearm specifications; Count 2, attempted murder with one- and three-year firearm specifications; Count 3, attempted murder with one- and three-year firearm specifications; and Count 4, having a weapon while under disability. Again, the matter proceeded to a jury trial with the exception of the disability count, which was tried to the bench. The jury found Majid guilty of all three counts and specifications, and the trial court found him guilty of the disability count. The court sentenced Majid to an aggregate prison term of 43 years to life. The sentence included three years on the gun specification attendant to Count 1, murder.

{¶ 6} Majid again appealed. *State v. Majid*, 2012-Ohio-1192 (8th Dist.). Majid presented several assignments of error challenging his convictions; this court found them to be without merit, overruled them, and affirmed the convictions. *Id.* at ¶ 1. The panel found, however, that the trial court "neglected to impose sentences on each of the firearm specifications for which appellant was convicted" and remanded the case to the trial court for the "limited purpose of resentencing the appellant as to each of the firearm specifications." *Id.* at ¶ 104, 107.

{¶ 7} On remand in 2012, the trial court held a resentencing hearing at which it sentenced Majid on all the gun specifications and merged them into the three-year specification attendant to Count 1, murder. Majid received the same sentence as the trial court previously imposed — 43 years to life. Majid did not timely appeal from the resentencing entry.

{¶ 8} Over the years, Majid has unsuccessfully pursued several postconviction challenges. He filed for, and was denied, a transcript of his resentencing hearing, which this court affirmed. *State v. Majid*, 2015-Ohio-2406 (8th Dist.). In 2015, Majid appealed to this court, attaching the 2012 resentencing judgment and denial of his motion for a transcript of the resentencing hearing as the judgments he was appealing. The appeal was dismissed. *State v. Majid*, 8th Dist. Cuyahoga No. 102743 (Mar. 24, 2015). Majid also filed motions for delayed appeals, which this court denied. *State v. Majid*, 8th Dist. Cuyahoga Nos. 103529 and 104164 (Oct. 9, 2015).

{¶ 9} In 2021, Majid filed a "motion to correct sentence unauthorized by law" in the trial court. He argued that the trial court imposed void and unauthorized prison sentences. The State countered that the changes to statutory prison ranges in H.B. 86 did not apply to the prison terms imposed for Majid's firearm specifications and that his arguments should have been raised in a direct appeal. The trial court denied the motion, and this court affirmed. *State v. Majid*, 2022-Ohio-189 (8th Dist.).

{¶ 10} In May 2024, Majid filed a "motion for an order to vacate nunc pro tunc, where the court lacked authority to reconsider final judgment." The trial court denied that motion, and Majid now appeals in Case No. 114134. In June 2024, Majid filed a "motion for an order granting nunc pro tunc," in which he requested the trial court to issue a nunc pro tunc entry with respect to the 2012 resentencing entry because, as he alleged, it did not reflect what happened at the hearing. The trial

court denied the motion, and Majid now appeals in Case No. 114236. As mentioned, both appeals are consolidated. Majid raises seven assignments of error. His first, second, and third assignments of error relate to the denial of his May and June 2024 motions; his fourth, fifth, sixth, and seventh assignments of error allege various trial errors.

**Law and Analysis**

{¶ 11} In his first assignment of error, Majid contends that the trial court erred in treating his May 2024 motion as an untimely petition for postconviction relief. In his second assignment of error, Majid contends that the trial court's 2021 resentencing judgment was void. In his third assignment of error, Majid contends that his resentencing hearing should have been de novo.

{¶ 12} The Ohio Supreme Court has stated that an irregular motion may be recast as a petition for postconviction relief in a criminal case when it: "'(1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.'" *State v. Schlee*, 2008-Ohio-545, ¶ 12, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶ 13} In his May 2024 motion, Majid contended that his constitutional rights were violated and sought to have the resentencing judgment declared void and vacated. The motion was also filed after Majid's direct appeal. Majid's contention that the motion was made under the Ohio Rules of Criminal Procedure and citation to Crim.R. 36 is not persuasive. Crim.R. 36 provides: "Clerical mistakes

in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Thus, Crim.R. 36 gives trial courts discretion to correct clerical mistakes in judgments or orders arising from oversight or omissions. *State v. Voyles*, 2010-Ohio-90, ¶ 10 (6th Dist.). The remedy Majid sought in his May 2024 motion was not a mere correction of a clerical mistake. On this record, the trial court properly treated Majid's motion as a petition for postconviction relief.

{¶ 14} Postconviction relief is a civil collateral attack on a criminal judgment. *State v. Curry*, 2019-Ohio-5338, ¶ 12. "Postconviction review is not a constitutional right but, rather, is a narrow remedy that affords a petitioner no rights beyond those granted by statute." *Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281-282 (1999). R.C. 2953.21 allows convicted criminal defendants to file a petition requesting the court to vacate its judgment on the grounds that there was a denial or infringement on his or her rights rendering the judgment void or voidable. R.C. 2953.21(A)(1)(a)(i). That petition must be filed no later than 365 days after the transcript being filed in his or her direct appeal, or if no appeal is filed, no later than 365 days "after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2)(a).

{¶ 15} A convicted defendant may file a petition for postconviction relief after the 365-day deadline, however, if he or she meets the requirements of R.C. 2953.23(A). Under R.C. 2953.23(A)(1), a petitioner meets the timeliness exception if:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 16} Majid's May 2024 motion was filed well past the statutory time period. Further, Majid failed to meet the timeliness exception under R.C. 2953.23(A)(1). Thus, the trial court properly denied the motion. The first assignment of error is overruled.

{¶ 17} Majid's contention in his second assignment of error that the trial court's 2012 resentencing judgment was void is without merit. In *State v. Harper*, 2020-Ohio-2913, the Ohio Supreme Court "reevaluate[d] the basic premise of [its] void-sentence jurisprudence." *Id.* at ¶ 34. The *Harper* Court wrote that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42. When the trial court has jurisdiction to act, "sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id.*

{¶ 18} In *State v. Henderson*, 2020-Ohio-4784, the Ohio Supreme Court held that *Harper* was not limited to cases involving the imposition of postrelease control. *Id.* at ¶ 27. The *Henderson* Court found that when the sentencing court has jurisdiction over a case and defendant, a sentence based on an error would be deemed voidable, and "[n]either the State nor the defendant can challenge [a] voidable sentence through a postconviction motion." *Id.* at ¶ 43.

{¶ 19} Here, the trial court had jurisdiction over Majid's felony case. *See* R.C. 2931.03. Consequently, Majid's alleged sentencing error was barred under res judicata because it could have been challenged on direct appeal. The second assignment of error is overruled.

{¶ 20} In his third assignment of error, Majid contends that the trial court erred by not holding a de novo sentencing hearing after this court's remand in *Majid*, 2012-Ohio-1192 (8th Dist.). "A trial court's jurisdiction over a criminal case is limited after it renders judgment." *State v. Simpkins*, 2008-Ohio-1197, ¶ 22. Upon a limited remand, "a trial court has no authority to extend or vary the mandate of the appellate court." *State v. O'Neal*, 2008-Ohio-1325, ¶ 11 (9th Dist.). The mandate from this court to the trial court was "for the limited purpose of resentencing the appellant as to each of the firearm specifications." *Majid*, 2012-Ohio-1192, at ¶ 107. The trial court followed the mandate; the third assignment of error is overruled.

{¶ 21} For his fourth, fifth, sixth, and seventh assignments of error, Majid raises challenges to alleged errors that occurred at his trial. In addition to having no

bearing whatsoever on the judgments Majid appealed from, all of his contentions are barred under the doctrine of res judicata. The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that has been raised or could have been raised on appeal. *State v. Ketterer*, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The fourth, fifth, sixth, and seventh assignments of error are overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
DEENA R. CALABRESE, J., CONCUR