[Cite as *State v. Jeffries*, 2025-Ohio-1734.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 114331 |
| v. | : | |
| MAIKIA JEFFRIES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND VACATED
**RELEASED AND JOURNALIZED:** May 15, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-610609-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Mai-Kia Jeffries, *pro se.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Mai-Kia Jeffries[1] appeals the trial court's attempt to modify his 2018 sentence, reducing the minimum term before parole eligibility from 20 years to 15 years on his indefinite life sentence. Because the trial court lacked continuing jurisdiction to modify the final sentence, the August 12, 2024 journal entry is vacated.[2]

{¶ 2} Jeffries was convicted of several sexual assault offenses committed against a victim under the age of 13 and was sentenced to a term of life with the possibility of parole after 20 years. Jeffries unsuccessfully appealed the conviction. *State v. Jeffries*, 2018-Ohio-5039, ¶ 9 (8th Dist.). He then filed an untimely application to reopen his appeal pursuant to App.R. 26(B), which was denied. *State v. Jeffries*, 2019-Ohio-4255 (8th Dist.). After the attempt to reopen his appeal, Jeffries filed a "Motion to Void Judgment for Lack of Subject Matter Jurisdiction and Over Person Pursuant to R.C. 2905.01, R.C. 2971.03, R.C. 2929.11 to 192.14 R.C. 2941.148" in which he argued, in pertinent part, that his sentence was contrary to law. The trial court denied his motion because it was barred by res judicata. *State v. Jeffries*, 2023-Ohio-4657, ¶ 6 (8th Dist.).

---

[1] The indictment spells Jeffries's first name differently than it appears in his briefing. The case is captioned as "Maikia Jeffries." Neither party has identified any issues with the spelling of his first name.

[2] The original final entry of conviction issued on January 31, 2018, has never been vacated. Vacating the modification returns this case to the status quo ante.

**{¶ 3}** After all of this, the trial court sua sponte issued a journal entry on August 12, 2024, that stated, in part:

> The Court is in receipt of correspondence from the Ohio Department of Rehabilitation and Correction indicating a mistake in the Court's original sentencing judgment entry when this court imposed a sentence of 20 years to life on Count 2. The Court issues this amended entry to correct that mistake and impose a sentence of 15 years to life.

Except for that introduction and the reduced prison term, the entry duplicated the original sentencing entry, which has never been vacated. It does not appear that the parties were provided notice of the trial court's intent to modify the final sentence based on correspondence received outside the record.

**{¶ 4}** It is from that entry that Jeffries now appeals, claiming the trial court lacked authority to amend the original sentencing entry and, in the alternative, failed to conduct the resentencing in his presence as required under Crim.R. 43.[3] For the following reason, and although it is not entirely clear why Jeffries is the one

---

[3] Jeffries included a third assignment of error challenging

> [t]he trial court's misapplication of statutory construction of the Ohio Revised Code 2901.04(A); misconstrued the Ohio statutory mandate of Ohio Revised Code 2971.03(B), interpreting the provision in favor of the State and strictly against the defendant, in violation of the due process, equal protection clause[s] of the Fifth, Sixth, Fourteenth, Amendment[s] of the United States Constitution and Article I, Section[s] 2, 10, 16 of the Ohio Constitution.

It appears that Jeffries is attempting to challenge his sexual-offender registration requirements, but he has not asked for any specific relief. Because the trial court lacks jurisdiction to modify the final sentence, including any registration requirement, there is no relief that can be offered with respect to the registration requirements. *See* App.R. 12(A)(1)(c).

appealing the trial court's decision, we agree with Jeffries that the trial court lacked jurisdiction to modify the final sentence.

{¶ 5} In *State v. Harper*, 2020-Ohio-2913, and *State v. Henderson*, 2020-Ohio-4784, the Ohio Supreme Court held that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *Henderson* at ¶ 1; *see also State v. Stewart*, 2020-Ohio-6743, ¶ 5 (8th Dist.). If the error rendered the defendant's conviction merely voidable, the error cannot be corrected through a postconviction proceeding or through any other form of collateral attack. *Stewart* at ¶ 5, citing *Henderson* at ¶ 43. A voidable judgment must be challenged on direct appeal. *Harper* at ¶ 26. "[T]he failure to timely . . . assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Henderson* at ¶ 17.

{¶ 6} In this case, any errors in the imposition of the original indefinite term of 20-life should have been challenged in the direct appeal. *See Jeffries*, 2023-Ohio-4657, at ¶ 6 (8th Dist.). Because the sentence was not timely challenged, the final conviction stands. *See State v. Carlisle*, 2011-Ohio-6553, ¶ 1 ("Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment."); *see also State v. Vera-Lopez*, 2024-Ohio-4971, ¶ 11 (11th Dist.). A trial court lacks jurisdiction to modify a final criminal judgment. *Carlisle* at ¶ 9, citing *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795.

**{¶ 7}** Jeffries is correct that the trial court lacked jurisdiction to modify his sentence, even if the original sentence exceeded the statutory limits. *See State ex rel. Romine v. McIntosh*, 2020-Ohio-6826, ¶ 16. The trial court's decision to modify the final sentence is reversed, and because the trial court lacked jurisdiction to modify the sentence, the entry dated August 12, 2024, is hereby vacated.

**{¶ 8}** Reversed and vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, PRESIDING JUDGE

DEENA R. CALABRESE, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)