[Cite as *State v. Deyarmin*, 2025-Ohio-5758.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

    v.                                       :                    No. 114913

RANDY DEYARMIN,                     :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 24, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-662385-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jillian Piteo, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Randy Deyarmin ("Deyarmin") appeals the decision of the trial court revoking his community-control sanctions and imposing a prison term. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} In August 2021, a grand jury was convened and indicted Deyarmin for two counts of rape, two counts of gross sexual imposition, and one count of child endangering. Each of the rape charges included a furthermore clause that Deyarmin purposely compelled the victim, who was under ten years of age, to submit by force or threat of force. Additionally, all the rape and gross-sexual-imposition charges included sexually violent predator specifications.

{¶ 3} In May 2023, the parties entered into a plea agreement. The State agreed to amend a rape charge to abduction pursuant to R.C. 2905.02(A)(2), a felony of the third degree, and amend the child-endangering charge from a felony of the second degree to a misdemeanor of the first degree. In exchange for a guilty plea to the charges as amended the State agreed to dismiss the remaining charges. The trial court proceeded with the plea agreement submitted by the parties and accepted Deyarmin's guilty pleas. In the course of the colloquy, the trial court expressed its intention to impose community-control sanctions.

{¶ 4} By agreement of the parties, the case proceeded immediately to sentencing. The State represented that Deyarmin had not had any felony convictions in the past 30 years. The court made note of two prior charges for indecent exposure. The State further indicated that the victim's mother reported the offense after she walked in on Deyarmin performing a sex act on her child and that forensic evidence established that Deyarmin's DNA was located on the outside of the victim's underpants. Based on that history, the State requested sex-offender

counseling as a part of the sentence. The defense did not object to this request. The defense then represented that Deyarmin had been cooperative throughout the process and requested community control, noting that they believed Deyarmin would be successful in that setting.

{¶ 5} After listening to the recitation of facts from the State and the defense, the court expressed concern about Deyarmin's access to children and was informed that he had nine grandchildren, the oldest grandchild being 14 years old. The trial court imposed two years of community-control sanctions under the adult probation department's sex offender unit. The conditions required, in part, that Deyarmin complete sex-offender assessments and successfully complete sex-offender treatment, if recommended. The trial court informed Deyarmin that the court could impose a sentence of up to 36 months in prison if he violated community control. Finally, the court warned Deyarmin that it would impose a prison sentence if he violated the terms of his community control.

{¶ 6} Deyarmin did not object after the imposition of his sentence nor did he file a direct appeal to his convictions.

{¶ 7} Two years later in February 2025, the trial court received notification that Deyarmin had violated the terms of his community-control sanctions.[1] At the subsequent hearing, Deyarmin's probation officer informed the court that the basis of the violation was that Deyarmin had been unsuccessfully discharged from sex-

---

[1] At that time, the original trial court judge had been elected to higher office and the case was assigned to a new trial court judge.

offender treatment. The probation officer further notified the court that Deyarmin had signed a waiver of probable cause for the violation. Deyarmin then admitted to the violation in open court. Based on the foregoing, the trial court found that Deyarmin was in violation of the terms of his community-control sanctions.

{¶ 8} The trial court then explained the potential consequences of its finding, including the imposition of a prison term, and offered the defense an opportunity to present any mitigating evidence. The defense claimed that Deyarmin fully attended classes but did not complete certain paperwork that would have required him to "falsely" acknowledge that he had a sexual problem. The defense noted that Deyarmin's convictions did not include any sex offenses.

{¶ 9} In response, the probation officer informed the court that the paperwork in question consisted of homework assignments. These assignments were designed to address triggers, relapse prevention, and other factors relevant to the rehabilitation of the offender.

{¶ 10} After reviewing the record and discussing the issues with Deyarmin directly, the court imposed a nine-month prison term. Deyarmin appeals and raises the following error for our review.

### Assignment of Error

The trial court abused its discretion by imposing a condition that [Deyarmin] complete a sex-offender treatment program where he only agreed to [plead] guilty to, and the court convicted him for, non-sexually-oriented offenses and the trial court abused its discretion by imposing a prison sentence by finding [Deyarmin] violated that condition of his community-control sanction.

**Law and Analysis**

{¶ 11} In this appeal, Deyarmin asks this court to do two things. First, he asks us to determine that the trial court improperly imposed sexual-offender treatment as part of his community-control sanctions. Second, he argues that this court should reverse the prison sentence imposed because the sole basis of the community-control violation was his failure to successfully complete an improperly imposed sentencing requirement. Neither of Deyarmin's arguments are well taken.

**Challenge to the Original Sentence**

{¶ 12} As noted previously, Deyarmin did not object to the sentencing condition nor did he file a direct appeal to his convictions. This failure is fatal to Deyarmin' s claim. A sentence that is merely voidable cannot be corrected via a postconviction petition or other collateral attack. *State v. Jeffries*, 2025-Ohio-1734, ¶ 5 (8th Dist.), citing *State v. Stewart*, 2020-Ohio-6743, ¶ 5 (8th Dist.) citing *State v. Henderson*, 2020-Ohio-4784, ¶ 43. Even if the trial court imposed a sentence "'based on an error, including [a sentence] in which a trial court fails to impose a statutorily mandated term,'" the sentence is "'voidable if the court imposing the sentence has jurisdiction over the case[, i.e., subject-matter jurisdiction] and the defendant[, i.e., personal-jurisdiction].'" *Id.* ¶ 5, quoting *Henderson* at ¶ 1. In contrast, a void judgment exists where the court lacked either subject-matter jurisdiction, personal jurisdiction or both, and may be challenged in collateral proceedings. *Henderson* at ¶ 17.

{¶ 13} Deyarmin does not allege that the trial court lacked personal or subject-matter jurisdiction in his case. Rather, he claims that the trial court improperly exercised its jurisdiction and Deyarmin asserts that the trial court's action in imposing sex-offender treatment rendered his plea invalid and warranted reversal of the plea and remand for further proceedings. These alleged errors rendered Deyarmin's sentence voidable not void. Thus, his sole remedy was to file a direct appeal, which he failed to do. Therefore, his claims are barred by res judicata. "The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that has been raised or could have been raised on appeal." *State v. Majid*, 2025-Ohio-172, ¶ 21 (8th Dist.), citing *State v. Ketterer*, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Accordingly, Deyarmin's challenge to the imposition of sexual-offender treatment is overruled.

## Imposition of a Prison Term after a Community-Control Violation

{¶ 14} In the instant case, Deyarmin waived the probable-cause hearing and admitted that his conduct amounted to a community-control violation, resulting in the trial court's finding that he violated his community control. On appeal, he argues that because he otherwise complied with his community-control requirements and had a valid reason for not fully engaging in the sexual-offender treatment program, the trial court abused its discretion when it imposed a prison term.

{¶ 15} Contrary to Deyarmin's assertion, we do not review the felony sentence for an abuse of discretion, even though the trial court is given great latitude

when ruling on a community-control violation. *State v. Brooks*, 2004-Ohio-4746, ¶ 20.  An appellate court reviews the imposition of a felony sentence under the standard of review delineated in R.C. 2953.08(G)(2).  *State v. Seith*, 2016-Ohio-8302, ¶ 9 (8th Dist.); *see State v. Stricklett,* 2025-Ohio-1247, ¶ 8 (4th Dist.), *State v. Motz*, 2020-Ohio-4356, ¶ 37, (12th Dist.).  The appellate court may increase, reduce, or otherwise modify a sentence or vacate the sentence and remand for resentencing, if the court clearly and convincingly finds

> (a) [t]hat the record does not support the sentencing court's findings under relevant sentencing statutes.[2]

> (b) [t]hat the sentence is otherwise contrary to law.

*Seith* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 16} In the instant case, Deyarmin argues his sentence is contrary to law. A sentence is contrary to law if the imposed sentence falls outside the statutory range for the particular offense or the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.  *State v. Castro*, 2024-Ohio-2453, ¶ 7 (8th Dist.), citing *State v. Woodard*, 2018-Ohio-2402, ¶ 35 (8th Dist.).

{¶ 17} Deyarmin was convicted of abduction under R.C. 2905.02(A)(2), a felony of the third degree, which allowed a definite prison term of 9, 12, 18, 24, 30, or 36 months.  R.C. 2929.14(A)(3)(b).  The trial court's imposition of a nine-month sentence was within the statutory range, and thus the sentence was not contrary to

---

2 R.C. 2953.08(G)(2) specifically references R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), and R.C. 2929.20(I).

law in that regard. Additionally, we must determine whether the trial court appropriately considered the factors in R.C. 2929.11 and 2929.12.

{¶ 18} Neither R.C. 2929.11 nor 2929.12 require a trial court to place findings on the record to establish that it considered all of the appropriate factors. *State v. Williams*, 2024-Ohio-5708, ¶ 8 (8th Dist.), citing *State v. Jones*, 2020-Ohio-6729, ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). "'Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise.'" *Id.,* quoting *State v. Phillips*, 2021-Ohio-2772, ¶ 8 (8th Dist.), citing *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.). Furthermore, a court's journal entry, which states that "the trial court considered the required statutory factors, without more, is sufficient to fulfill a trial court's obligations under [R.C. 2929.11 and 2929.12]." *State v. Riemer*, 2021-Ohio-4122, ¶ 18 (8th Dist.), citing *State v. Whitehead*, 2021-Ohio-847, ¶ 34 (8th Dist.), citing *Seith*, 2016-Ohio-8302, at ¶ 12 (8th Dist.).

{¶ 19} In the instant case, the trial court's journal entry stated that the court "considered all required factors of the law," and "prison is consistent with the purpose of R.C. 2929.11." This language, by itself, is sufficient to establish that the trial court considered the required factors when determining the sentence. *Reimer* at ¶ 18. Although not required, the trial court also discussed some of its concerns on the record, noting that two assessments showed Deyarmin had a moderately high to high risk of reoffending and that prison was necessary to protect public safety from

an offender who is likely to reoffend. Accordingly, the trial court properly considered the R.C. 2929.11 and 2929.12 factors.

{¶ 20} We decline to address Deyarmin's argument that the sexual-offender treatment was improperly imposed because that issue is barred by res judicata. With respect to the argument that he had a legitimate reason for failing to fully participate in the treatment program, Deyarmin's argument lacks merit. The trial court informed Deyarmin at sentencing that he must submit to a sex-offender assessment, that he was required to complete any treatment recommended, and that failure to do so would result in a prison sentence. The trial court discussed its concerns with the facts of the case at length, that it was imposing community control based on the advocacy of Deyarmin's counsel, and that the court would have imposed a prison sentence if counsel had not convinced the court to act otherwise. Given the trial court's admonitions, Deyarmin cannot now complain that he was unaware of the consequences of failing to complete this condition of his community-control sanctions.

{¶ 21} Based on the foregoing, the trial court's sentence was not contrary to law. Accordingly, the assignment of error is overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)